# STATE OF WEST VIRGINIA
# SUPREME COURT OF APPEALS

*In re*: **D.B.**

**No. 15-0701** (Wetzel County 14-JA-21)

**FILED**

**March 7, 2016**

RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Father M.L., by counsel Patricia A. Kurelac, appeals the Circuit Court of Wetzel County's June 30, 2015, order terminating his parental rights to D.B. The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Julie Marie Blake, filed its response in support of the circuit court's order. The guardian ad litem, J.K. Chase, filed a response on behalf of the child. On appeal, petitioner alleges that the circuit court erred in adjudicating him as an abusing parent and in terminating his parental rights.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

Sometime in 2000, petitioner began a relationship with C.L. and acted as a father figure to C.L.'s ten-year-old daughter, S.G. Petitioner later married C.L. and became S.G.'s stepfather. Sometime in 2008, petitioner impregnated eighteen-year-old S.G., while he and C.L. were still married. The child, D.B., was born in 2009. In April of 2015, the DHHR filed an abuse and neglect petition alleging that petitioner fathered D.B. through his incestuous relationship with S.G., his stepdaughter.[1] Petitioner was also charged with criminal incest.

In May of 2015, the circuit court held an adjudicatory hearing. At the hearing, petitioner admitted that he was D.B.'s father. Petitioner's wife, C.L., testified that she was married to petitioner at the time of D.B.'s conception. C.L. further testified that she is S.G.'s mother, she is still married to petitioner, and petitioner admitted to her that D.B. is his child. At the conclusion of the hearing, the circuit court found, over petitioner's objection, that petitioner had sexual relations with his stepdaughter, S.G., thereby committing incest. The circuit court also found that D.B. was born as a result of the incestuous relationship and adjudicated petitioner an abusing parent.

---

[1]The abuse and neglect petition also contained allegations against S.G. as a mother to her four children, D.B., C.S., K.H., and C.G. Petitioner is the father of only one of the children, D.B., and as such, only D.B. is the subject of petitioner's appeal.

In July of 2015, the circuit court held a dispositional hearing. D.B.'s mother, S.G., testified that D.B. does not know that petitioner is his father and that she does not want D.B. to have contact with petitioner because she fears for D.B's safety. S.G. alleged that petitioner raped and attacked her. Petitioner testified that he supported S.G. with food and money. Petitioner also testified that D.B. knows him by a nickname because petitioner did not want D.B. to know that he is his father or know about his criminal history. The DHHR caseworker testified that petitioner failed to comprehend the gravity of his sexual relationship with his teenage stepdaughter. At the close of the hearing, the circuit court found that D.B. was the progeny of an incestuous relationship between petitioner and S.G. and that it renders D.B. subject to ongoing abuse and neglect. The circuit court also found that petitioner's own assertion that he did not want D.B. to know that he was his father was sufficient to justify termination. The circuit court entered an order terminating petitioner's parental rights to D.B. on June 30, 2015. Petitioner now appeals from the dispositional order.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

Syl. Pt. 1, *In re Cecil T.*, 228 W.Va. 89, 717 S.E.2d 873 (2011). Upon our review, the Court finds no error in the circuit court's adjudication of petitioner as an abusing parent or in the termination of his parental rights to D.B.

First, we find no merit to petitioner's argument that the circuit court erred in adjudicating him as an abusing parent. West Virginia Code § 49-1-201(A) defines "abused child" as one whose health or welfare is threatened by any parental conduct that "knowingly or intentionally inflicts, attempts to inflict or knowingly allows another person to inflict, physical injury or mental or emotional injury, upon the child or another child in the home." Thus, a child is abused whenever a parent's conduct poses a threat of harm to a child's health or welfare. Petitioner argues that none of the evidence presented established how his relationship with S.G. adversely affected D.B. We do not agree. The circuit court correctly found that petitioner violated West Virginia Code § 61-8-12 when he fathered D.B. with S.G., his stepdaughter. The circuit court correctly determined that D.B. was the product of an incestuous relationship, which created a risk of harm to him from birth, and that D.B. will always face the threat of mental or emotional

2

harm by virtue of the incest. Petitioner acknowledged as much when he testified that he "didn't want him [D.B.] to know his dad because I didn't want him to know that, you know, the things I've done." Based on the evidence that petitioner's conduct posed a threat of harm to D.B., we find no error in the circuit court's adjudication of petitioner as an abusing parent.

As to petitioner's argument that the circuit court erred in terminating his parental rights, we find no error. As addressed above, the evidence established that petitioner fathered D.B. by engaging in an incestuous relationship with S.G. Pursuant to West Virginia Code § 49-4-604(b), the circuit court may, after a finding of abuse, terminate parental rights if "there is no reasonable likelihood that the conditions of neglect or abuse can be substantially corrected in the near future" and if termination is necessary for the child's welfare. Here, the circuit court was presented with sufficient evidence to make this finding in regard to petitioner based upon the evidence. The circuit court found that D.B. was born as a result of an illegal act. Therefore, on the particular facts of this case, there is no way for petitioner to correct the conditions that led to D.B.'s abuse. The circuit court found that the abusive act was D.B.'s incestuous conception, coupled with the possibility of emotional harm that presents. The circuit court found that termination of petitioner's parental rights was in the child's best interests. Pursuant to West Virginia Code § 49-6-604(a)(6), circuit courts are directed to terminate parental rights upon these findings.

Petitioner's final argument on appeal is that the criminal incest statute, West Virginia Code § 61-8-12, is unconstitutional. Petitioner argues that he has a fundamental right to consensual sex with his stepdaughter and, as such, this sexual conduct may not be a reason to terminate his parental rights. The Court does not agree. To begin, petitioner waived his constitutional objection by not raising it in the circuit court. This Court does not review issues for the first time on appeal. *State ex rel. Sale v. Goldman*, 208 W.Va. 186, 197, 539 S.E.2d 446, 457 (2000). Further, the state may prohibit petitioner from having sex with his teenage stepdaughter, whether she consents to sex or not. There is no fundamental right to commit incest, nor does the West Virginia incest statute implicate such a suspect class. Thus, because sex with an adult stepchild is not a constitutional right, the circuit court properly considered petitioner's incest when it terminated his rights to D.B.

For the foregoing reasons, we find no error in the decision of the circuit court, and its June 30, 2015, order is hereby affirmed.

Affirmed.

**ISSUED**: **March 7, 2016**

**CONCURRED IN BY**:

Chief Justice Menis E. Ketchum
Justice Robin Jean Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Allen H. Loughry II